Boynton, J.
It appears from the transcript of the journal entry, that the court, upon the trial, found the issues, five in numbef, in favor of the defendant. The issues joined, with the exception of the one arising upon the sixth *364 defense stated in the answer, and the reply thereto, were of the same character, and gave rise to the same questions of law as those in Ehrman’s case, ante 324, and the case of the present plaintiff v. Curtis, ante 343.
It follows, from what was there held, that the motion to set aside the findings should have been granted, and the judgment placed solely on the finding that the action was prematurely brought, unless it can be supported by the finding under the issue joined on the sixth defense. Eor if the judgment is permitted to stand on the findings, as made, and should it be pleaded in bar to a subsequent action on the mortgage, great injury might result to the plaintiff, by giving to the defendant the benefit of a judgment or finding which ought not to have been in his favor.
In respect to the question arising on the sixth defense, we are satisfied that the alleged agreement of the plaintiff, through its agent, Dr. Peck, to surrender the note and mortgage to the defendant in consideration that he assign his stock in the Home Mutual Company to the plaintiff, was not established by the proof. The weight of the evidence, we think, was clearly the other way. All the evidence given by the defendant in support of the agreement alleged to have been made was, that Dr. Peck represented to him, in case he would transfer his stock in the Home Mutual Company to the plaintiff he would get back his note and a part of the money he had already paid, and be released from all obligations ; and that upon that understanding he transferred his stock to the plaintiff. This alleged representation Dr. Peck, in his testimony, denied, but admitted that he told the defendant that he would be released from the liabilities of the Home Mutual Company, which were stated to be large, and which, to an amount equal to his stock, the defendant was liable for as a stockholder. He further testified that he fully explained to the defendant the nature of the agreement between the two companies. That this explanation was given, and that the defendant was well informed of the natufe of the transaction between the two companies is not disputed. That he was *365 aware of the insolvency of the Home Mutual Company, and of his consequent limited liability as a stockholder for its debts admits of no doubt. The sum then due on the note was nearly equal to the face value of the stock, while the stock itself was entirely worthless. Again, it is not unreasonable to suppose that the plaintiff, in assuming, as by the contract of October 13, 1871, it did, the liabilities of the Home Mutual Company, it intended to employ the assets received as a fund from which, to the extent they would go, to pay off and discharge the liabilities thus assumed.
The note and mortgage, from aught appearing, were permitted to remain for several years in the possession of either the superintendent of insurance or the plaintiff, without being called for or demanded, a fact entirely inconsistent with the claim that the surrender was agreed upon, as claimed by the defendant. . These facts and the inferences arising therefrom, in connection with the denial of the fact, by Ur. Peck, that such agreement was made, we think, were clearly sufficient to overcome the testimony of the defendant, and to entitle the plaintiff upon that issue-to a finding in its favor.

Judgment modified.